UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BALWINDER KAUR,

    Plaintiff,

    v.

MICHAEL MUKASEY, *et al.*,

    Defendants.

Case No. C07-1167RSL

ORDER REGARDING CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by plaintiff Balwinder Kaur, a citizen of India, who seeks an order to compel adjudication of her pending application for adjustment of status to that of lawful permanent resident. In response, defendants filed a cross motion for summary judgment to dismiss all of plaintiff's claims except her claim under the Freedom of Information Act ("FOIA"), which these motions do not address.

For the reasons set forth below, the Court denies plaintiff's motion and grants defendants' motion.

## II. DISCUSSION

**A.  Background Facts.**

In 2002, plaintiff married Ranvir Singh, a United States citizen. Mr. Singh filed an I-130

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 1

petition in January 2003 to classify plaintiff as the spouse of a United States citizen.  As such, plaintiff (1) was admitted to the United States on May 6, 2004, and (2) filed an application for adjustment of status on Form I-485 in August 2004.  Plaintiff alleges that she and Mr. Singh have a young daughter together.

After plaintiff filed a reply in support of her motion, the parties agreed that each side could file a sur-reply to address subsequent developments.  The government stated that on March 27, 2008, it issued a Notice of Intent to Revoke ("NOIR") the I-130 Petition for Alien Relative filed by Mr. Singh on behalf of plaintiff on the grounds that they do not have a qualifying spousal relationship.  Defendants contend, among other things, that plaintiff and Mr. Singh have not resided at the same address for years.  The NOIR gives Mr. Singh 30 days to "submit clear and convincing documentary evidence . . . of an ongoing valid spousal relationship between yourself and Balwinder Kaur."  Declaration of Darwin Roberts, (Dkt. #21) Ex. A.  The government explains that if the I-130 petition is revoked, plaintiff's I-485 application will be denied also because it is based on her spousal relationship with Mr. Singh.  Plaintiff did not respond to the government's arguments regarding the NOIR.[1]

**B.    Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact."  Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.    Analysis.**

---

[1] Plaintiff's counsel withdrew before filing plaintiff's sur-reply.  Plaintiff did not request additional time to file the sur-reply nor did she file one *pro se*.

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 2

Despite defendants' contention to the contrary, this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 in accord with 28 U.S.C. § 1361 and 5 U.S.C. § 706 of the Administrative Procedure Act ("APA"). Under 28 U.S.C. § 1361, district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. See, e.g., Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997). In addition, the Court is not convinced by defendants' argument that the nature of processing the application is "discretionary" and therefore federal jurisdiction is barred. Adjudication of a status application is mandatory, not discretionary. See 8 U.S.C. § 1252(a)(2)(B)(ii); see also Chen v. Heinauer, 2007 U.S. Dist. LEXIS 36661, at *3 (W.D. Wash. May 18, 2007) (holding that Section 1252 does not bar judicial review in context of reasonable delay or refusal to act because nothing in INA specifies discretion as to the pace in which status applications are adjudicated); Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697, at *7 (W.D. Penn. Feb. 23, 2007) (noting that while "the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required to [strip the court of jurisdiction]"). Accordingly, the Court has jurisdiction. Defendants' request to dismiss for lack of jurisdiction is denied.

Plaintiff contends that the agency must adjudicate her application within thirty days because the agency completed her background check, fingerprint check, and FBI name check in 2004. However, the issuance of the NOIR shows that there are genuine issues of material fact regarding plaintiff's eligibility for adjustment of status. If plaintiff's I-130 is revoked, her application for adjustment of status, which is predicated on the I-130, will be denied. Without the benefit of an approved I-130, plaintiff will be unable to meet the requirements of 8 U.S.C. § 1255(a) because she will not have a visa number immediately available to her.

In addition, plaintiff is seeking to compel the agency to act on her petition but it is currently doing so, albeit belatedly. The Court does not suggest that a mandamus case like this

will become moot every time the agency initiates action, regardless of the steps it takes or the length of time the agency has previously delayed. However, according to the agency, the only reason that its adjudication of plaintiff's application is not yet final is because the NOIR gives her and Mr. Singh time to submit evidence in support of the I-130. Under these circumstances, the Court will not compel the agency to act on the petition. Nor will the Court compel the agency to adjudicate the application more quickly because it does not want to deprive plaintiff of sufficient time to respond to the NOIR.

Finally, Ms. Kaur argues that defendants' practice of processing name checks before adjudicating applications is *ultra vires* under the Immigration and Naturalization Act. However, it appears that plaintiff lacks standing to challenge that practice because her name check has been completed and the agency is not acting or withholding action based on the name check. Alternatively, the claim is moot because plaintiff has no "legally cognizable interest in the outcome." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900-01 (9th Cir. 2007).

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion for partial summary judgment (Dkt. #9) and GRANTS defendants' cross motion for partial summary judgment (Dkt. #12). Plaintiff's only remaining claim is under the FOIA to obtain a copy of her immigration file. It is unclear whether plaintiff intends to pursue that claim given that the Court has denied the primary relief requested. Accordingly, plaintiff must notify the Court, by June 2, 2008 regarding whether she intends to pursue that claim. Otherwise, the Court will assume she has abandoned it and will close this case.

DATED this 9th day of April, 2008.

*MMS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 4